DECISION AND JOURNAL ENTRY
Appellant Angela White appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights with respect to her minor children, Jasmine White and Austin White. This Court affirms.
 I.
Summit County Children Services Board ("CSB") took protective custody of Austin and Jasmine White pursuant to Juv.R. 6, on August 1, 1997, after appellant had been arrested for child endangering. The children were placed in foster care. On April 27, 1998, the trial court ordered that the children be returned to appellant's custody under the protective supervision of CSB. Approximately three and one-half months later, on August 11, 1998, the children were again placed in the emergency temporary custody of CSB because appellant was suicidal and had telephoned the prior foster family, asking the family to take her children. CSB moved the court for an order of permanent custody of the children.
On October 14, 1999,[1] the court found that it was in the best interest of the children that appellant's parental rights be terminated. The court further found, by clear and convincing evidence, that it was in the best interest of the children to grant permanent custody of Austin and Jasmine to CSB.
Appellant timely appeals, asserting three assignments of error.[2]
 II. ASSIGNMENT OF ERROR No. I.
 BECAUSE THE MAGISTRATE WHO PRESIDED IN THE PERMANENT CUSTODY TRIAL IS IMPUTED WITH A BIAS AND REQUIRED TO RECUSE HERSELF PURSUANT TO CODE OF JUDICIAL CONDUCT CANON 3(E)(1)(b), THE TRIAL COURT PROCEEDINGS WERE EXTRAJUDICIAL, VOID AND NOT AMENABLE TO THE CONSENT OF THE PARTIES.
 ASSIGNMENT OF ERROR No. II.
 BECAUSE THE MAGISTRATE WHO PRESIDED IN THE PERMANENT CUSTODY IS IMPUTED WITH A BIAS, THE TRIAL COURT [PROCEEDING] CONSTITUTED STRUCTURAL ERROR WHICH VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE CONSTITUTION OF THE UNITED STATES, THROUGH THE FOURTEENTH AMENDMENT, AND THE OHIO CONSTITUTION.
Appellant contends in her first and second assignments of error that the magistrate's decision must be vacated and appellant's parental rights reinstated because the magistrate was biased. This Court disagrees.
The magistrate who presided over the permanent custody trial had served as an assistant prosecutor in the same case. Therefore, appellant argues, the magistrate violated Cannon 3 of the Code of Judicial Conduct and the proceedings should be rendered null and void as a violation of appellant's right to due process. The record shows that Magistrate Marcia Luecke, while serving in her former position as an assistant prosecuting attorney, had signed a motion in opposition to appellant's motion to terminate temporary protective placement of Jasmine and Austin on February 6, 1998. Luecke subsequently became involved in this case as a magistrate on July 28, 1998. No objection was raised to Luecke serving as magistrate at the July 28, 1998 review hearing or at any subsequent proceeding. In fact, Magistrate Luecke remained involved in the case, without objection, even after appellant had filed her notice of appeal; on August 13, 1999, Magistrate Luecke issued a nun pro tunc decision to include a procedural history in her decision to terminate appellant's parental rights. The record reflects that the February 6, 1998 motion signed by Luecke as an assistant prosecutor is the only involvement that she had with the case in that capacity.
In support of her contention, appellant mistakenly relies onCuyahoga Co. Bd. of Mental Retardation v. Assn. of Cuyahoga Cty.Teachers of the Trainable Retarded (1975), 47 Ohio App.2d 28. In that case, the Eighth District found that the trial judge had a mandatory duty to disqualify himself and held that the judge's actions were void and without effect because the judge's brother was an officer on the board of one of the parties. That case is markedly distinguishable from the present case in that the trial judge in that case was clearly aware that a bias existed. The parties had addressed the issue with the judge, an affidavit of disqualification for bias, prejudice, and impropriety had been filed in the Ohio Supreme Court, and a letter from the Chief Justice ordering that no further action on the merits be taken had been filed in the clerk's office. It was the judge's failure to recuse himself after he had been made fully aware of the bias that caused the Eighth District to hold the lower court's proceedings null and void. The court stated that:
 With the undisputed facts in this posture, we conclude that the trial judge was under an obligation to disqualify himself. In reaching this conclusion we are careful to note that this is not a case where the facts are in dispute; where it is alleged that the trial judge did not know of the relationship or the position of his relative; or where there is controversy over whether the job of the judge's relative is one in which he can properly be classified as an officer.
Id. at 32.
In the instant case, appellant had the opportunity to raise an objection to the magistrate and to file objections to the magistrate's decision. Appellant failed to avail herself of these alternatives and she may not now do so on appeal. SeeWright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported (holding that failure to object to the magistrate's decision waives the right to appeal the conclusions contained therein). Further, the record is void of any indication that the magistrate acted with any partiality. It is in light of these facts that this Court overrules appellant's first and second assignments of error. To find otherwise would be to permit the appellant to use the Code of Judicial Conduct to gain a mere tactical advantage on appeal, in contravention of the Code's caution that the "the purpose of the Code would be subverted if the Code were invoked by lawyers for mere tactical advantage in a proceeding." Preamble to the Code of Judicial Conduct.
 ASSIGNMENT OF ERROR No. III. BECAUSE APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED THROUGHOUT THE PROCEEDINGS ON THE MOTION FOR PERMANENT CUSTODY, THE TRIAL COURT'S ORDER GRANTING CUSTODY OF THE CHILDREN TO SUMMIT COUNTY CHILDREN'S SERVICES BOARD MUST BE REVERSED AND REMANDED.
In her third assignment of error, appellant avers that she was denied effective assistance of counsel. This Court disagrees.
This Court applies the same standard in permanent custody cases for reviewing ineffective assistance of counsel claims as the standard applied in criminal cases. In re Rackley (July 16, 1997), Summit App. No. 18139, unreported. A successful ineffective assistance of counsel claim requires a showing that counsel's performance has "fallen below an objective standard of reasonable representation" and that prejudice arose from counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "To show that [an individual] has been prejudiced by counsel's deficient performance, [she] must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
The permanent custody trial in the case sub judice initially began on November 30, 1998. Appellant argues that the attorney appointed to represent her in that proceeding was deficient for a number of reasons. These arguments are meritless.
On November 30, 1998, the court had begun hearing testimony, but the proceedings were terminated when appellant requested that she be appointed new trial counsel. As a result, her counsel of record voluntarily withdrew, the case was rescheduled for a permanent custody trial, and new counsel was appointed. The court stated that:
 It was agreed by all parties that none of the evidence presented on November 30, 1998 at the initial Permanent Custody proceedings, would be considered by the Magistrate in reaching the decision on the State's Motion for Permanent Custody. The State was required to re-call each witness who had previously testified, and begin the Permanent Custody Trial, de novo, at the time of the December 17th Permanent Custody Trial Hearing. No evidence presented on November 30, 1998 will be considered in this Magistrate's Decision. All evidence presented on November 30, 1998 is hereby stricken from the record.
Therefore, appellant's contention is without merit because the trial court's decision to terminate appellant's parental rights and responsibilities was not affected by the actions of her counsel at the November 30, 1998 proceeding.
Appellant also argues that she was denied effective assistance of counsel at the December 17, 1998 trial because her trial counsel failed to object to the limited time he was afforded to prepare and failed to raise the issue of bias on the record. Appellant asserts that had counsel "protected [a]ppellant's right to a trial before an objectively impartial court, the outcome would have been different," and that if counsel would have "objected to the time constraint, further evidence of appellant's ability to provide for her children would have been available."
A bare assertion that appellant would have been able to provide further evidence of her ability to provide for the children is not enough to sustain a finding of ineffective assistance of counsel. Likewise, appellant's assertion that the outcome would have been different had the court been impartial without any showing that the court was not impartial is insufficient.
Furthermore, a review of the record shows that the result of the trial would not have been different had counsel objected to the magistrate and the time constraint; the record contains clear and convincing evidence to support the finding that permanent custody is in the children's best interest.
The evidence shows that appellant failed to comply with the case plan that was established to enable her to reunite with her children. The case plan provided that appellant was to complete drug and alcohol treatment, to maintain one year of sobriety, to attend parenting classes, and to obtain independent and safe housing. Appellant was referred to the Interval Brotherhood House for alcohol and drug treatment, but she was terminated from the program because of lack of her attendance. Appellant was required to submit to urine screening and failed to comply, and appellant had not fulfilled the requirement of obtaining independent housing. The record also reveals that the children have spent the majority of their lives outside appellant's care, and that theguardian ad litem believes that "[t]he possibility of [appellant] being able to effectively parent her children at any time in the next year is almost zero."
Accordingly, appellant's third assignment of error is overruled.
 III.
The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ DONNA J. CARR, FOR THE COURT.
BAIRD, P.J. and WHITMORE, J. CONCUR.
[1] The permanent custody trial was held on December 17 and 18, 1998. The record does not indicate when the magistrate's opinion was issued, but the trial court purported to adopt the magistrate's decision on February 5, 1999. The magistrate wrote anunc pro tunc decision (intending it to supplement the magistrate's initial opinion) that was purportedly adopted on February 5, 1999; however, that decision was never filed. The trial court purported to adopt the nunc pro tunc entry on August 13, 1999. This Court issued an order for appellant to show why the appeal should not be dismissed for lack of a final appealable order; appellant submitted a nunc pro tunc entry of the trial court dated October 14, 1999, that properly adopted the magistrate's opinion filed February 5, 1999, and the magistrate'snunc pro tunc entry filed August 13, 1999.
[2] The identity of each child's respective biological father remains unknown and the October 14, 1999 judgment entry terminated all parental rights and responsibilities of both John Does; neither of which are parties to this appeal.